# CASES

# APPELLATE COURTS OF ILLINOIS.

## First District—October Term, 1899.

### Edward Kramer v. Northern Hotel Co.

1. QUESTION OF FACT—*Conflict of Evidence.*—Where the evidence in a case is irreconcilably conflicting, unless some error of law has been committed, the Appellate Court will not disturb the findings of the jury upon questions of fact.

2. DAMAGES—*Injuries to Adjacent Premises by the Removal of the Soil.*—Where a building is injured by the removal of the soil upon adjacent premises, if such removal has been done with reasonable skill and care to avoid injury, the owner of the building is without remedy; but if the injury is done by the careless and negligent manner in which such soil is removed, the owner is entitled to recover to the extent of the injury thus occasioned.

**Assumpsit,** on a written contract. Trial in the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1899. Affirmed. Opinion filed October 27, 1899. Rehearing denied.

**Statement.**—Appellant was the lessee of certain premises contiguous and adjoining the hotel building erected by appellee. The latter desired to extend the foundation of its building under the west wall and basement of the building occupied by appellant. A contract in writing was made between the parties, in which, among other provisions, appellee agreed "to pay to the party of the first part (appellant) any damages which he may sustain in and

(264)

Kramer v. Northern Hotel Co.

about the construction of said hotel building, and for which said party of the second part (appellee) would be liable were it not for this instrument, other than such damages as may be sustained by reason of the use and occupation of the basement, and, in addition thereto, will pay any and all damages which may be sustained by the party of the first part, by reason of the negligence of the party of the second part, its agents or servants, in or about any of the work or operations in or about the said basement."

In pursuance of the contract, appellee took out the old foundation under appellant's west wall, and proceeded to put in a concrete and steel foundation, some twenty-two feet wide, and extending under half the width of appellant's basement, to support the east wall of its new building. It then replaced such portion of appellant's west wall as had been removed, leaving said wall resting upon a portion of the new foundation.

It appears that there had been a downspout, which originally passed through appellant's west wall, where such wall extended some fifteen or eighteen inches above the roof. This spout carried all the water falling upon said roof to a sewer, until, in pursuance of the contract, the latter was removed to the other side of appellant's premises.

It is claimed that in the erection of the east wall of the hotel appellee blocked up this downspout, so that the water from appellant's roof could not run off, and that appellant was thereby damaged; that the weight of the east wall of the hotel building, which was carried up fourteen stories, caused a settlement of appellant's building; that appellee's architects and engineers, in erecting that hotel building, expected that the foundation would settle four and one-half inches, but made no provision to protect appellant's building from the consequences of such settlement. It is disputed how much the settlement was, but the result is claimed to have been that there were cracks in appellant's west wall, in the window sills, the sash and glass, and in the roof. It is charged that the water which could not escape from the roof because of the block-

ing up of the downspout, entered through these cracks, ruined plaster, wall-paper, carpets and bedding, and drove out appellant's boarders, destroying his business; that this settlement of the foundation finally caused floor joists in appellant's building to begin to pull out, and his wall to lean westward, so that appellant was obliged to, and did, put in beams and jack-screws to sustain his floor.

Appellee asserts that it intended and undertook to make a new connection for the downspout by cutting a recess in appellant's west wall where it could connect with a down spout of the hotel building and otherwise; that appellant consented, but that while this was being done, appellant objected and drove the workmen from his roof; and that such damage as was occasioned by water was caused by appellant's refusal to permit the work to go on.

Appellee also insists that it was not its duty under the contract, or otherwise, to support appellant's west wall while the settlement of the foundation was going on, and that such damage as resulted from settlement was chargeable to appellant's failure to support his own wall, and was not appellee's fault.

WILLIAM H. BARNUM and BARNUM, MOTT & BARNUM, attorneys for appellant.

BURNHAM & BALDWIN, attorneys for appellee.

MR. JUSTICE FREEMAN, after making the above statement, delivered the opinion of the court.

This was an action of assumpsit. The jury returned a verdict in favor of appellee. The suit is brought upon a contract in writing, and it is clear that appellant's right to recover is dependent upon proof sustaining the allegations of breach of contract.

It is insisted by counsel for the appellee that the evidence is irreconcilably conflicting, and in this we are compelled to agree. Unless some error of law has been committed we should not be justified upon this record in disturbing the

finding of the jury, upon the questions of fact.    Goodman v. Boyd, 44 Ill. App. 249, and cases there cited.

It is insisted, however, that the court erred in giving certain instructions.    By the terms of the contract appellee agreed to pay to appellant any damage for which it would have been liable without the contract, except for use of the basement, and all damages caused by negligence of itself and servants.    It was agreed that appellee should make, or cause to be made, all proper connections between the sewer, water and gas pipes, so that appellant should not " be disturbed in his use of the sewers, water and gas in said building."    It was a question of fact for the jury whether appellee has complied with these and other provisions of the contract, and whether appellant had suffered any damage for which appellee was liable because of negligence or otherwise.

The instructions are quite lengthy, and it is not necessary to quote them in full.    In substance, the second instruction told the jury that if one in possession of premises permits a stranger to enter to do certain work, the stranger is legally justified in going on the premises for that purpose; that such permission can be withdrawn, and that if so withdrawn, the stranger, if he remains or goes upon the premises thereafter, is a trespasser, and liable as such; that if the jury believed from the evidence that the defendant had received permission from the plaintiff to do certain work, including the removal of the downspout, and the substitution of another one to carry off the water, and was making every effort to complete said work, and would have done so, had it not been ordered away before the work was completed, and if the plaintiff did so order it away, then the defendant should be found not guilty for any damages caused by failure to complete said work, under such circumstances.

We find no fault with this instruction under the evidence. By the written contract the appellee was allowed the use of the appellant's basement for a certain specified time while putting in the foundation.    It was not under the

contract allowed access to appellant's roof. There was evidence tending to show that appellant consented that a pipe should be put in connecting the roof of appellant's building with the sewer or with another downspout, and that appellant revoked the license before that work was completed; and that he refused permission to go on with it, unless he should be paid a further sum of money. He had already received $1,800 in accordance with the written contract for the use of his basement while the new foundation was being laid. He is not entitled to recover damages, if any were suffered, because of his own interference with the work to which he had consented, and the continuance of which he prevented.

It is urged by appellant's counsel that appellee would have been liable to pay damages caused by the settling of the foundation wall if the written contract had not existed, and that instructions to the contrary were erroneous.

The instructions told the jury in substance that no duty rested upon appellee to support appellant's west wall in order to prevent it from sinking along with its own building; that appellee was required to support appellant's west wall only while the foundation was being put in, provided the support of the wall was left in as good condition as before it entered.

The written contract provided that the appellee should " at its own expense support and sustain the west wall of said building during the excavating and putting in of said foundation." It did not require appellee to support the wall so as to prevent its settling thereafter with the foundation upon which it stood. It was not liable, then, under its contract, for damage occasioned by failure to support the wall pending settlement.

Nor would it have been liable for a settlement of appellant's wall caused by the pressure of the new building upon a foundation built with reasonable skill and care upon its own adjacent land. City of Quincy v. Jones, 76 Ill. 231, and cases there cited. In that case it is said : " If injury is sustained to a building in consequence of the withdrawal

of the lateral support of the neighboring soil when it has been withdrawn with reasonable skill and care to avoid unnecessary injury, there can be no recovery; but if injury is done the building by the careless and negligent manner in which the soil is withdrawn, the owner is entitled to recover to the extent of the injury thus occasioned."

It was not a party wall which appellee erected. It was upon its own land, except that the foundation was, by written permission of appellant, extended under the latter's wall for a specified consideration, which was paid. We are of opinion that the case was fairly submitted to the jury, and the judgment of the Circuit Court must be affirmed.

85 269
88 257
88 260
88 298

85 269
193s ¹390

85 269
100 ¹358

85 269
111 ²442
111 ²443